NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLBY LEE APLIN, | No. 19-35197 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00434-MO |
| v. | |
| MCIJ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oregon state prisoner Colby Lee Aplin appeals pro se from the district

court's summary judgment in her 42 U.S.C. § 1983 action alleging federal and

state law claims related to her mail arising from her pretrial detention in

Multnomah County jail.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

In her opening brief, plaintiff fails to raise, and therefore has waived, any challenge to the district court's summary judgment on her claims challenging the Multnomah County Sheriff's Office's ("MCSO") mail policy's restriction of content on envelopes. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly granted summary judgment on plaintiff's claims challenging the MCSO's mail policy's other restrictions because plaintiff failed to exhaust her administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to her. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation,

internal quotation marks, and emphasis omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal, including plaintiff's contentions that defendants violated her right of access to the courts and right to counsel. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**